UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ,<br><br>                    Petitioner,<br><br>    v.<br><br>L. E. SCRIBNER, Warden,<br><br>                    Respondent. | Civil No.    07cv283 BEN (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS [Doc. No. 11]** |

## I. INTRODUCTION

Petitioner Louis Gomez, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the May 24, 2002 decision of the State of California Board of Prison Terms, which found Petitioner unsuitable for parole.  He alleges his due process rights were violated because of the following: (1) the composition of the parole board was in violation of California Penal Code section 5075; (2) the Board improperly relied upon unchanging factors which had previously been cited to deny him parole; (3) the Board's decision to deny him parole consideration for a period of three years violated his plea agreement; (4) the three year delay violated California Penal Code section 3041.5; (5) the three year delay violated ex post facto principles; and (6) his term of confinement has exceeded the maximum term stated in the Board's matrix of base terms.  He also claims ineffective assistance of counsel at his parole hearing.

On June 19, 2007, Respondent filed a motion to dismiss the Petition.  [Doc. No. 11.]  Petitioner filed his opposition on July 12, 2007.  [Doc. No. 13.]  Having considered the motion and the relevant

legal authority, this Court recommends the motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** as untimely.

## II.  BACKGROUND

Petitioner is serving a sentence of fifteen years to life after he pled guilty to murder in the second degree.  (Lodgment 1.)  On May 24, 2002, Petitioner was found unsuitable for parole by the State of California Board of Prison Terms.  (Lodgment 2 at 19.)  Petitioner's appeal of the Board's decision was received on August 29, 2002, and subsequently denied on May 6, 2003.  (Lodgment 3.)

On January 23, 2004, Petitioner filed a state habeas petition challenging the Board's decision in the Los Angeles County Superior Court.  (Lodgment 4.)  The Superior Court denied the petition in a reasoned opinion on May 29, 2004.  (Lodgment 5.)

On September 29, 2005, Petitioner filed a second petition in the Los Angeles County Superior Court, raising substantially the same claims as in his earlier petition.  (Lodgment 7 at 1-2.)  Petitioner claimed his earlier petition, prepared by a hired attorney, was "frivolous and incompetently prepared." (*Id*. at 1.)  The Superior Court disagreed, and found the earlier representation to be adequate.  (*Id*. at 2.) The Superior Court also noted that while Petitioner's attorney resigned from the California Bar for alleged misconduct, that misconduct did not include the type of deficiencies of which Petitioner complained.  (*Id*. at 2 n.1.)   Petitioner's second Superior Court petition was denied on October 19, 2005. (*Id*. at 2.)

Petitioner filed a petition in the California Court of Appeal on January 11, 2006, alleging the same claims as in the instant Petition.  (Lodgment 8.)  The California Court of Appeal denied the petition on February 15, 2006, citing to *In re Dannenberg*, 34 Cal. 4th 1061 (2005); *In re Rosenkrantz*, 29 Cal. 4th 616 (2002); and California Penal Code § 3041.5(b)(2).  (Lodgment 9.)

It appears Petitioner's fourth state habeas petition was filed in the California Supreme Court on March 19, 2006.  (Lodgment 10 at 6.)  The California Supreme Court denied the petition on November 29, 2006.  (Lodgment 11.)

The instant Petition was filed on December 22, 2006.  [Doc. No. 1, Part 2, at 48.]

///

///

## III.  DISCUSSION

Respondent argues the Petition should be dismissed because it is barred by the applicable statute of limitations.[1] Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, the AEDPA's one-year limitations period began to run the day Petitioner's parole appeal was denied by the Board on May 6, 2003. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). As a result, the statute of limitations began running on May 7, 2003, and expired on May 7, 2004. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). However, Petitioner did not file the instant Petition until December 22, 2006, [Doc. 1, Part 2, at 48], far in excess of the § 2244(d) one-year statute of limitations.[2]

Accordingly, the Petition is time-barred. The time bar precludes this Court's review of the merits of the habeas corpus petition, unless the statute of limitations is subject to statutory or equitable tolling.

---

[1] Respondents also contend four of Petitioner's claims failed to allege a cognizable federal question. (Motion at 7.) However, because this Court finds the Petition is time-barred, it is not necessary to address these contentions in order to grant Respondent's motion to dismiss.

[2] A *pro se* petitioner's habeas petition is considered filed on the date it was signed. *See Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).

As discussed below, although the Petition qualifies for some statutory tolling, it is insufficient to bring it within the limitations period.

**A.     Statutory Tolling**

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 22 U.S.C. § 2244(d)(2). An application for post-conviction review is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Accordingly, an application for post-conviction relief is pending during the "intervals between a *lower* court decision and a filing of a new petition in a *higher* court." *Carey v. Saffold*, 536 U.S. 214, 223 (2002) (emphasis added). Once the AEDPA's limitations period has expired, the filing of a state habeas petition does not revive the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner is entitled to statutory tolling for his first state habeas petition, which was filed on January 23, 2004, (Lodgment 4), and denied on May 19, 2004, (Lodgment 5). The statute of limitations is tolled by 117 days, the pendency period of the state habeas proceeding. Petitioner never sought to continue this round of post-conviction review.[3] After accounting for the 117 days of tolling, the limitations period expired on September 1, 2004. Thus, the instant Petition, which was filed on December 22, 2006, was still more than two years late.

Petitioner's subsequent state habeas petitions do not toll the limitations period because they were filed after the AEDPA's limitations period had already expired. Petitioner cites to *Carey v. Saffold*, 536 U.S. 214 (2002), to support the proposition that he is entitled to statutory tolling for the period between when his first Superior Court petition was denied on May 19, 2004, and when he filed his second Superior Court petition on September 29, 2005. (Opposition at 2-3.) However, statutory tolling is only

---

[3] Even if the January 11, 2006 petition in the California Court of Appeal was construed as being in the same round of post-conviction review as his January 23, 2004 petition, the almost two years between the filing of the state habeas petitions would constitute unreasonable delay, and thus not entitled to statutory tolling. *See Evans v. Chavis*, 546 U.S. 189, 201(2006) (concluding a six month delay was unreasonable because "[s]ix months is far longer than the 'short periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court."); *see also Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of 18, 15, and 10 months between habeas filings were unreasonable and could not be subject to interval tolling). As discussed below in regards to equitable tolling, there was no justification for such a lengthy delay.

appropriate during the "intervals between a *lower* court decision and a filing of a new petition in a *higher* court." *Carey*, 536 U.S. at 223 (emphasis added).

Here, tolling is not appropriate because Petitioner filed both his first and second petition at the same level. The filing of the second petition at the Superior Court had no effect on the pending round of review, but instead triggered an entirely separate round of post-conviction review. *See Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003); *see also Biggs*, 339 F.3d at 1048 (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition). As a result, Petitioner is not entitled to statutory tolling for the period between his two Superior Court petitions.

In sum, Petitioner is entitled to a total of 117 days of statutory tolling. After taking statutory tolling into account, the limitations period expired on September 1, 2004. Thus, absent significant equitable tolling, the Petition is untimely.

**B.     Equitable Tolling**

Equitable tolling of the AEDPA statute is only appropriate when there are "'extraordinary circumstances' beyond the prisoner's control that made it impossible to file a petition on time." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citations omitted). "External forces," not a petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to trigger equitable tolling under the AEDPA is very high, "lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The burden is on the petitioner to demonstrate equitable tolling is appropriate. *Id.*

**1.     Difficulties with Counsel**

Petitioner claims he is entitled to equitable tolling because of difficulties he had with Mr. Diamond, the attorney he hired to file his first state habeas corpus petition. (Opposition at 4-6.) Although ordinary attorney negligence will not justify equitable tolling, if an attorney's misconduct is sufficiently egregious, it may constitute an "extraordinary circumstance" for purposes of equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *but cf. Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Frye*, 273 F.3d at 1146 (holding an attorney's general negligence and miscalculation of the limitations

deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case).

In *Spitsyn*, the misconduct of the petitioner's attorney was found to be sufficiently egregious to warrant equitable tolling. *Spitsyn*, 345 F.3d at 801. The attorney, although hired almost a year in advance of the deadline, completely failed to prepare and file a habeas petition. *Id*. Additionally, despite a request he return petitioner's file, the attorney retained the file for the duration of the limitations period and two months beyond. *Id*. As a result, the court found the attorney's conduct to be so deficient as to distinguish it from mere negligence. *Id*.

Here, Petitioner's attorney filed a timely state habeas petition on January 23, 2004, which was denied on May 19, 2004. At some point during the representation, Petitioner claims his attorney stopped communicating with him and he had to write to the Superior Court to learn the ruling on his petition.[4] (Opposition at 4.) As a result, Petitioner alleges he did not know his petition was denied until August 25, 2004. (*Id*.) However, once he did learn of the denial, Petitioner did not appeal the Superior Court's decision or otherwise seek post-conviction review that would have tolled the limitations period, but instead decided to file a complaint against his attorney with the State Bar. (*Id*.)

In order to be entitled to equitable tolling, Petitioner must show not only the existence of extraordinary circumstances, but also that he pursued his rights diligently. *See Lawrence*, 127 S.Ct. at 1085; *see also Spitsyn,* 345 F.3d at 802 ("[T]he person seeking equitable tolling [must demonstrate] reasonable diligence in attempting to file ... *after* the extraordinary circumstances began" (emphasis added)). While Petitioner's complaints against his attorney may have been valid, and his frustration understandable, it does not excuse his failure to pursue his habeas claims diligently once he learned his petition was denied. *cf. Roy v. Lampert*, 465 F.3d 964, 970-73 (9th Cir. 2006). Any claims Petitioner pursued against his attorney at the State Bar are independent of his duty to diligently pursue the claims in his habeas petition.

Assuming *arguendo* Petitioner were granted equitable tolling for the period between the denial of his first Superior Court petition and when he allegedly learned of the decision, on August 25, 2004, it

---

[4] The Superior Court's order of October 19, 2005, notes that Mr. Diamond resigned from the California Bar with charges pending on January 13, 2005. Mr. Diamond had been suspended for misconduct that included failing to communicate with clients. (Lodgment 7 at 2 n.1.)

would only have extended the limitations period from September 1, 2004, to December 20, 2004. Petitioner's next attempt at seeking post-conviction review was his second petition in the Superior Court, which was not filed until September 29, 2005. Thus, even if Petitioner were granted equitable tolling for the period between May 29, 2004 and August 25, 2004, it would not make a difference as his next state petition was still filed over *nine months* after the limitations period had expired.

**2.      Prison Conditions**

Petitioner also claims prison lock-downs, law library backlogs, and problems with law library procedures for filing should be taken into account when considering equitable tolling. (Petition at 4.) Equitable tolling determinations are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

Here, Petitioner's general allegations do not amount to "extraordinary circumstances," but instead are difficulties many *pro se* petitioners would likely encounter. *Cf. Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999) (finding that petitioner's generalized, nonspecific allegations "that he experienced delays in photocopying materials and utilizing the prison library services" did not constitute "extraordinary circumstances"); *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding prison lock-downs and reduced law library access were not extraordinary circumstances). Petitioner provides no specific allegations, such as detailing how he, individually, was actually affected by a prison lock-down, to support his claims. *See Gaston*, 417 F.3d at 1034 (requiring a "causal connection" between the alleged extraordinary circumstances and the failure to file a timely petition). Indeed, Petitioner does not even state when the alleged lock-downs and law library backlogs occurred. (*See* Petition at 4.)

Finally, Petitioner's diligent pursuit of his complaints with the State Bar throughout the period during which the statute of limitations expired belies his assertion that any of these alleged conditions made it impossible for him to file a timely federal habeas petition. Thus, Petitioner is not entitled to equitable tolling for the alleged prison conditions.

///

///

## IV.  CONCLUSION

In accordance with the above, the undersigned Magistrate Judge recommends Respondent's motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** for violating the limitations period of 28 U.S.C. § 2244(d).  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **January 15, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED:  December 14, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge