UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>L. E. SCRIBNER, WARDEN,<br><br>　　　　　　　　　　Respondent. | Civil No.   07cv283-BEN (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

　　　Petitioner Louis Gomez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). The Magistrate Judge issued a Report and Recommendation recommending the Petition be dismissed. For the reasons that follow, the Report and Recommendation is ADOPTED, and the Petition is DISMISSED.

　　　Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Thus, the governing statute "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."); *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ( "Of course, *de novo* review

of a [Report] is only required when an objection is made to the [Report]." ).  Here, Petitioner objects to the Report & Recommendation concerning the statute of limitations calculation.

The facts have been previously described in detail in the Report and Recommendation and are only summarized here.  Louis Gomez is serving a sentence of fifteen years to life.  In 2002, he was denied parole.  He unsuccessfully appealed the decision.  The parole appeal was denied on May 6, 2003.  On January 23, 2004, Gomez filed the first of four state habeas petitions.  The last habeas petition was denied November 29, 2006.  The instant Petition was filed on December 22, 2006.  Respondent filed a Motion to Dismiss arguing that the instant Petition was filed too late.

Because the habeas petition was filed in this Court after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), the provisions of AEDPA apply. *Little v. Crawford*, 449 F.3d 1075, 1079 (9th Cir. 2006) (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)).  Under AEDPA, there is a one-year statute of limitations.  28 U.S.C. § 2241(d)(1).  The Magistrate Judge correctly noted, and Gomez does not dispute, that the one-year statute of limitations began running on the day after his parole appeal was denied: May 7, 2003.  Moreover, the Magistrate Judge correctly noted, and Gomez does not dispute, that the statute of limitations clock was running for eights months before he filed his first state habeas petition in January 2004, leaving 117 days in which to file a federal petition.  Statutory tolling stopped the clock while the first state habeas petition was being decided.  When the state petition was denied on May 19, 2004, the clock began to run down the last 117 days.  By the time Petitioner filed his federal habeas petition some two years later on December 22, 2006, the statute of limitations had run out.  As the Magistrate Judge found, "[a]fter accounting for the 117 days of tolling, the limitations period expired on September 1, 2004. . . .the instant Petition, which was filed on December 22, 2006, was still more than two years late."  Report and Recommendation, at 4.

The crux of Petitioner's Objections to the Report and Recommendation is that while the Magistrate Judge found him to be potentially entitled to a short period of equitable tolling (*i.e.*, from May 29, 2004 to August 25, 2004), he should enjoy equitable tolling for the entire passage of time from August 2004 to December 2006.  However, the Magistrate Judge considered Petitioner's reasons (his attorney's misconduct and delay caused by prison conditions) in light of the high legal

1 standard of "extraordinary circumstances" and found that additional equitable tolling was not
2 warranted.  Having considered the issue *de novo*, this Court agrees with the Report and
3 Recommendation, that Petitioner's circumstances did not rise to the level of extraordinary
4 circumstances sufficient to justify further equitable tolling of the statute of limitations.  *Bryant v.*
5 *Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (equitable tolling requires diligent
6 pursuit of rights and extraordinary circumstances standing in the way); *Gaston v. Palmer*, 447 F.3d
7 1165, 1167 (9th Cir. 2006), *cert. denied*, 127 S.Ct. 979 (2007).
8         Accordingly, the Objections are overruled and the Report and Recommendation
9 recommending that the Petition for Writ of habeas Corpus be denied is **ADOPTED**.  The Petition is
10 **DENIED**.  The Clerk shall close the file.
11         **IT IS SO ORDERED**.
12 DATED: October 6, 2008

ROGER T. BENITEZ
United States District Judge