FILED

2009 FEB -2  AM 10: 48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ,<br><br>                  Plaintiff,<br>vs.<br><br>L.E. SCRIBNER,<br><br>                  Defendant. | CASE NO. 07cv0283 BEN (CAB)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IFP**<br><br>[Dkt. Nos. 32, 33.] |

Petitioner Louis Gomez, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged the California Board of Prison Term's May 24, 2002 finding that Petitioner was unsuitable for parole. Respondent filed a Motion to Dismiss the Petition on June 19, 2007. Petitioner filed Opposition to the Motion on July 12, 2007. On December 14, 2007, Magistrate Judge Cathy Ann Bencivengo issued a well-reasoned Report and Recommendation, recommending that Respondent's Motion to Dismiss be granted. On October 6, 2008, after a *de novo* review, this Court adopted the Report and Recommendation and dismissed Petitioner's Writ of Habeas Corpus. Petitioner filed a Notice of Appeal November 3, 2008 and now requests a Certificate of Appealability and Leave to Appeal In Forma Pauperis.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

07cv0283

1  encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*

2  *v. McDaniel*, 529 U.S. 473, 484 (2000)).  Petitioner does not have to show "that he should prevail

3  on the merits.  He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025

4  (9th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

5          Petitioner's action was dismissed with prejudice for violating the one-year statute of

6  limitations period of 28 U.S.C. § 2244(d).  Even after accounting for 117 days of statutory tolling

7  while Petitioner's state habeas proceeding was pending, the Petition was still filed more than two

8  years late.  This Court has fully reviewed the legal issues raised by Petitioner and concludes that

9  the claims are not debatable among jurists and do not deserve further encouragement.  Based on

10  the foregoing, the Court **DENIES** Petitioner's Application for a Certificate of Appealability.

11          Petitioner also seeks leave to proceed IFP on appeal.  (Dkt. No. 33.)  Petitioner's

12  proceedings before this Court have not been IFP.  Parties seeking to proceed IFP on appeal are

13  required to file a motion with the district court and are required to "attach an affidavit that . . .

14  shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or

15  to give security for fees and costs." FED. R. APP. P. 24(a)(1).  Petitioner has not filed a Form 4 -

16  Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis.  Therefore, the Court

17  **DENIES** Petitioner's Motion for Leave to Appeal IFP without prejudice.

18          Petitioner's Application for Certificate of Appealability is **DENIED**.  Petitioner's Motion

19  for Leave to Appeal IFP is **DENIED** without prejudice.  The Clerk of the Court shall provide

20  Petitioner with the Federal Rules of Appellate Procedure's Form 4-Affidavit Accompanying

21  Motion for Permission to Appeal In Forma Pauperis.

22

23  **IT IS SO ORDERED.**

24

25  DATED: 2/01/09

26                                          Hon. Roger T. Benitez
                                            United States District Court Judge
27

28                              - 2 -                                    07cv0283